

# NUMBER 13-23-00089-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF D.W.W., A CHILD

**On appeal from the 135th District Court
of Victoria County, Texas.**

## MEMORANDUM OPINION

**Before Justices Tijerina, Silva, and Peña
Memorandum Opinion by Justice Peña**

Appellant J.W. appeals the trial court's judgment terminating her parental rights to her minor child D.W.W.[1] Appellant's court-appointed counsel has filed an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S.

---

[1] We refer to appellant and the child by their initials in accordance with the rules of appellate procedure. *See* TEX. R. APP. P. 9.8(b)(2).

738, 744 (1967); *Porter v. Tex. Dep't of Protective & Regul. Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.) ("[W]hen appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an *Anders*-type brief."). We affirm the trial court's judgment.

## I.    ANDERS BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that her review of the record yielded no grounds of reversible error upon which an appeal could be predicated. 386 U.S. at 744. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Appellant's counsel also informed this Court in writing that she: (1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed

appellant of her rights to file pro se responses, to review the record prior to filing those responses, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant with a copy of the appellate record. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 408–09. Appellant did not file a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 511.[2]

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's counsel has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17. However, when an *Anders* brief is filed in a parental termination appeal, the appellant's right to appointed counsel extends to all proceedings in the Texas Supreme Court. *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (citing TEX. FAM.

---

[2] We have specifically reviewed the trial court's findings under § 161.001(b)(1)(D) and (E) of the family code, and we have found no non-frivolous issues that could be raised on appeal with respect to those findings. *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (holding that "due process and due course of law requirements mandate that an appellate court detail its analysis for an appeal of termination of parental rights under [§] 161.001(b)(1)(D) or (E) of the Family Code"); *see also In re A.M.A.*, No. 13-21-00133-CV, 2021 WL 3777137, at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 26, 2021, no pet.) (mem. op.).

CODE ANN. § 107.013(a)(1)). Thus, in the absence of additional grounds for withdrawal, a motion to withdraw brought in the court of appeals may be premature. *Id.* Counsel is permitted to withdraw only for good cause, and counsel's belief that the client has no grounds to seek further review from the court of appeals' decision does not constitute good cause. *Id.* Here, counsel's motion does not show "good cause" for withdrawal, accordingly, counsel's motion to withdraw is denied. *See id.*[3]

## IV. CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
22nd day of June, 2023.

---

[3] The Texas Supreme Court has noted that, in cases such as this, "appointed counsel's obligations [in the supreme court] can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016).

4